IN THE SUPREME COURT OF TEXAS








IN THE SUPREME COURT OF TEXAS
 
════════════
No. 07-0035
════════════
 
Thao Chau and Ha Dien Do, Individually, 
and on Behalf of Their Minor Child, S.D.D., Petitioners,
 
v.
 
Jefferson Riddle, M.D. and 
Greater Houston 
Anesthesiology, P.A., Respondents
 
════════════════════════════════════════════════════
On Petition for Review from the
Court of Appeals for the First District of 
Texas
════════════════════════════════════════════════════
 
 
PER CURIAM
 
 
            
Thao Chau and her family 
brought this healthcare liability suit against Dr. Jefferson Riddle and his 
professional association, Greater Houston Anesthesiology, P.A., alleging that 
Riddle’s negligence in intubating Chau’s son, S.D., deprived him of oxygen and caused brain 
damage. The trial court granted the defendants’ motion for summary judgment and 
a divided court of appeals affirmed, reasoning that Riddle conclusively 
established the Good Samaritan defense. 212 S.W.3d 699, 
711. We hold, however, that Riddle did not 
conclusively establish that he is entitled to the Good Samaritan defense, and, 
accordingly, we reverse the court of appeals’ judgment.
            
Riddle was the on-call anesthesiologist for the labor and delivery suites at 
Memorial 
Hermann Southwest Hospital on the night of October 29–30, 
2001. While on his shift, Riddle was called upon to administer anesthesia to 
Chau during her emergency cesarean section. When S.D., 
one of Chau’s twins, was delivered, he was not 
breathing. After the nurses and residents present were unable 
to resuscitate S.D., Dr. Duc Le, Chau’s obstetrician and her attending physician, asked 
Riddle to intubate S.D. It is undisputed that 
Riddle did so, then, allegedly without performing all the immediate follow-up 
checks typically required by the standard of care and leaving the nurses and 
residents to secure the tube, returned to Chau. The 
nurses and residents continued to attempt to resuscitate S.D., but they were 
unsuccessful. Twelve minutes after Riddle’s intubation, the neonatologist 
arrived and discovered that the tube was in S.D.’s 
esophagus instead of his trachea. As soon as she moved the tube to S.D.’s trachea, he began to breathe, but had suffered 
permanent brain damage in the interim.
            
In the trial court, Riddle and Greater Houston Anesthesiology (collectively 
“Riddle”) argued that because Riddle had responded to the emergency of S.D. not 
being able to breathe, Texas’s Good Samaritan statute precluded any 
liability for negligence.[1] Riddle moved for summary judgment, 
arguing both that he had conclusively proved he was entitled to the affirmative 
Good Samaritan defense and that Chau had presented no 
evidence of duty or causation. The trial court granted Riddle’s motion without 
specifying the grounds, and the court of appeals affirmed, reasoning that Riddle 
had established the Good Samaritan defense as a matter of law. Id.
            
In this Court, Chau challenges the court of appeals’ 
holding that the trial court did not abuse its discretion in enforcing a docket 
control order or in striking part of Chau’s expert 
testimony. We agree with the court of appeals’ resolution of those issues. 
However, we agree with Chau that the court of appeals 
erred in concluding that Riddle conclusively established the Good Samaritan 
defense.
            
To prevail on his summary-judgment motion on the Good Samaritan affirmative 
defense, Riddle had the burden to conclusively establish each of its elements. 
McIntyre v. Ramirez, 109 S.W.3d 741, 742, 748 
(Tex. 
2003). Under the Good Samaritan statute, a medical professional assisting 
in an emergency in a hospital may be exempted from liability for medical 
negligence under certain circumstances. See Tex. Civ. Prac. & Rem. 
Code § 74.001(c); McIntyre, 109 S.W.3d 
at 744. However, that exemption from liability is subject 
to a number of exceptions, three of which are at issue here. In pertinent part, 
the statute provides:
 
(b) This 
section does not apply to care administered:
 
(1) for or in expectation of remuneration; 
 
. . .
 
(c) If the 
scene of an emergency is in a hospital or other health care facility or means of 
medical transport, a person who in good faith administers emergency care is not 
liable in civil damages for an act performed during the emergency unless the act 
is wilfully or wantonly negligent, provided that this 
subsection does not apply to care administered:
 
(1) by a 
person who regularly administers care in a hospital emergency room unless such 
person is at the scene of the emergency for reasons wholly unrelated to the 
person’s work in administering health care; or
 
(2) by an admitting or attending physician of the patient or a 
treating physician associated by the admitting or attending physician of the 
patient in question.
 
 
Tex. Civ. Prac. & Rem. 
Code § 74.001(b)–(c). 
Thus, a doctor performing his or her work in an emergency room, a doctor 
associated by the admitting or attending physician, and a doctor who charges for 
his or her services are all precluded from the statute’s protection. Chau contends Riddle falls under each of these exceptions. 
Because we agree that there is at least an issue of material fact as to whether 
Riddle was “associated by the admitting or attending physician,” we need not 
consider whether Riddle regularly administers care in an emergency room or 
charged for his services. Id. § 74.001(c)(2).
            
 Assuming, as the parties do, that Riddle administered emergency care to 
S.D., Riddle did so as part of the labor and delivery team. As such, there is at 
least a question of fact as to whether he was “associated by the admitting or 
attending physician.” See id. Le, the leader of the labor and delivery 
team and the only attending physician present, directed Riddle to intubate S.D., and Riddle did so. In distinguishing between 
which medical personnel were attending to Chau and 
which were attending to S.D., the court of appeals ignored Chau’s expert’s testimony that the labor and delivery team 
is expected to share in the care of both the mother and the newborn. 
Furthermore, another witness testified that the role of the anesthesiologist in 
labor and delivery suites at Memorial Hermann includes intubating non-breathing newborns if a neonatologist is not 
present. There is some evidence that Riddle was a part of the team administering 
care to Chau and S.D. In sum, there is evidence that 
intubating newborns in this situation is part of 
Riddle’s job as the on-call anesthesiologist in the labor and delivery suites. 
Thus, the court of appeals erred in affirming summary judgment for Riddle on his 
affirmative defense.
            
Our application of the statute in this case is consistent with the legislative 
purpose behind extending the Good Samaritan defense to medical professionals in 
hospital settings. The statute is intended to increase the incentives for 
physicians to respond voluntarily to medical emergencies, even if they occur in 
a hospital. McIntyre, 109 S.W.3d at 745. The 
exclusions built into the statute ensure that medical professionals are only 
entitled to the defense if their actions are truly voluntary, not simply 
part of the professional’s ordinary duties. See Tex. Civ. Prac. & Rem. 
Code § 74.001(b) –(c). 
As such, this case can be distinguished from McIntyre, where we 
upheld the doctor’s assertion of the Good Samaritan defense. There, Douglas 
McIntyre, an obstetrician, was in the hospital visiting one of his patients when 
he responded to a page over the intercom requesting that a doctor immediately 
assist with Debra Ramirez’s delivery. Unlike in this case, McIntyre was not part 
of Ramirez’s labor and delivery team, was not on-call, and was not expected to 
respond to such an emergency. Instead, he was going about his scheduled 
appointments when he voluntarily came to another patient’s aid. McIntyre, 109 S.W.3d at 743, 749.[2] In contrast, there is evidence here that 
it was part of Riddle’s job as the anesthesiologist in the delivery room to 
intubate a newborn if the circumstances required.
            
Given the legislative purpose behind the Good Samaritan defense and the fact 
that Riddle was part of the labor and delivery team, we cannot agree with the 
court of appeals’ conclusion that Riddle established his entitlement to the 
defense as a matter of law. Accordingly, without hearing oral argument, we grant 
the petition for review, reverse the court of appeals’ judgment, and remand to 
the court of appeals to consider whether the summary judgment should be affirmed 
on alternative grounds. See Tex. 
R. App. P. 59.1.
 
Opinion 
Delivered: February 15, 2008






[1] 
At the time of these events, the Good Samaritan statute was codified at Texas 
Civil Practice and Remedies Code section 74.001. It has since been heavily 
amended and is now found at Texas Civil Practice and Remedies Code section 
74.151. All references to the Good Samaritan statute in this opinion will be to 
section 74.001 as it stood in 2001. See Act of June 16, 1985, 69th Leg., 
R.S., ch. 962, 1985 Tex. Gen. Laws 3325, amended 
by Act of June 19, 1993, 73d Leg., R.S., ch. 960, 
1993 Tex. Gen. Laws 4193–94, amended by Act of June 18, 1999, 76th Leg., 
R.S., ch. 679, 1999 Tex. Gen. Laws 3251.

[2] 
In McIntyre, we addressed only the remuneration exception to the Good 
Samaritan defense; we did not discuss whether McIntyre fit into the “associated 
by” exception. McIntyre, 109 S.W.3d 
741.